UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DESMOND HALE,

               Plaintiff,

    v.                            CAUSE NO. 3:21-CV-356 DRL-MGG

CARTER *et al.*,

               Defendants.

<u>OPINION AND ORDER</u>

Desmond Hale, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Hale alleges that he completed a drug treatment program and earned a time cut, but the time cut was not properly applied to his sentence. He has sued Commissioner Carter and the Indiana Department of Correction. He asks that his 183-day time-cut be awarded and applied to the suspended portion of his sentence, which would – by his calculations – result in his immediate release. He also asks for monetary damages.

To the extent that Mr. Hale is seeking release from prison, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his

confinement." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). While this court expresses no opinion on whether Mr. Hale should file a habeas petition, to the extent he is seeking relief only available through a habeas petition, he needs to file a habeas petition in a separate case.

To the extent that Mr. Hale is seeking monetary damages, "a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." *Edwards v. Balisok*, 520 U.S. 641, 643 (1997). Mr. Hale is challenging the fact that he remains confined. Any verdict in his favor would require a finding that he is currently being unlawfully held, yet no verdict in this case could result in his release, thereby resulting in a continued increase in the number of days of illegal confinement with a concomitant increase in monetary damages. Such a result would be anomalous, particularly in light of the possibility that a parallel habeas corpus proceeding could concurrently find his confinement lawful. It is just that possibility of a parallel proceeding that *Heck* guarded against. *See McDonough v. Smith*, 139 S. Ct. 2149, 2158, 204 L. Ed. 2d 506 (2019) ("[T]he pragmatic considerations discussed in *Heck* apply generally to civil suits within the domain of habeas corpus, not only to those that challenge convictions."). *See also Preiser v. Rodriguez*, 411 U.S. 475 (1973). In short, his claim for monetary damages is not yet ripe. Thus, the court will dismiss this claim without prejudice to Mr. Hale's right to refile it if he is able to prevail on his argument that his earned credit time was wrongly applied in a separate proceeding.

For these reasons, this case does not state a claim and is DISMISSED WITHOUT PREJUDICE.

SO ORDERED.

May 25, 2021                                          *s/ Damon R. Leichty*
                                                     Judge, United States District Court